SCHOOL DISTRICT No. 44 OF CADDO COUNTY, OKLAHOMA TERRITORY v. L. W. BAXTER, *as Territorial Auditor of Oklahoma Territory.*

(Filed September 2, 1904.)

**MUNICIPAL CORPORATIONS—Refunding Bonds Statute Does Not Apply to School District.** A statute providing a manner in which municipalities of the Territory may refund outstanding legal warrant indebtedness into bonds of the municipality, which contains a provision that such bonds may be issued in sums of any denomination from $100.00 to $1,000.00, and a further provision that such bonds when issued must be issued in a series running from ten to twenty years, or from twenty to thirty years, does not provide, under the terms of such statute, a manner in which a warrant indebtedness of a school district amounting to $800.00 may be funded into bonds.

(Syllabus by the Court.)

*Original Proceeding in Mandamus.*

*A. J. Morris* and *L. E. Lange,* for plaintiff.

*P. C. Simons, Attorney General,* for defendant.

Opinion of the court by

GILLETTE, J.: This is an original proceeding in mandamus commenced in this court February 12, 1904, by the plaintiff against L. W .Baxter, as territorial auditor of the Territory of Oklahoma, to compel him, as such auditor, to register $800.00 of bonds issued by the plaintiff school district under the provisions of art. 1, of chap. 7, of the Laws of 1895, as amended by the Laws of 1897. The said bonds were issued, as shown by the petition and motion for the writ, upon the authority and approval of the district court

of Caddo county, Oklahoma, and in compliance with said statute, except that the same were issued in denominations of $80.00 each, and because of this fact a registration was by the auditor refused. To the application for the writ the auditor made the following answer, to wit:

"Comes now the above named defendant, L. W. Baxter, territorial auditor of the Territory of Oklahoma, and for his return and answer to the alternative writ of mandamus issued herein on the 11th day of February, 1904, alleges and says that he admits the facts set out in the alternative writ of mandamus, and admits that he declined to register the bonds therein described, and as grounds and justification for his refusal to register said bonds, alléges that said bonds, so issued as set out in said writ, are not authorized by the laws of the Territory of Oklahoma, and are not such bonds as are entitled to registration in the office of the territorial auditor. Further answering and specifically pointing out the reason why said bonds should not be registered, defendant alleges that said bonds purport to have been issued under and by authority of the act of the legislature of Oklahoma Territory, contained in article 1, chapter 7, of the Session Laws of 1895. That under the limitations and restrictions contained in said act and more especially in section two thereof, it is provided that such bonds may be issued in any denominations from one hundred to one thousand dollars and that the bonds presented by the plaintiff to defendant for registration are in the denominations of eighty dollars each, which is in an amount unauthorized and prohibited by the law aforesaid, and that said bonds are not entitled to registration as aforesaid, and are not lawful bonds of said school district.

"Wherefore," etc.

To this answer the plaintiff demurred upon the grounds that the facts stated are not sufficient to constitute a

defense to the alternative writ, or to justify the defendant auditor in refusing to register and certify said bonds. Upon these pleadings the cause is submitted to the court for determination.

It will thus be seen that but a single issue or question is presented to the court for determination, viz: Does the act of the legislature referred to authorize the issue of bonds by a school district to take up its outstanding warrants where such indebtedness is less than $1,000.00?

Sec. 1 of the act as amended by sec. 1, art. 1, chap. 5 of the Laws of 1897, provides:

· "Every school district is hereby authorized and empowered to refund its outstanding legal warrant indebtedness in the order of their registration, and to issue bonds for that purpose in a sum not exceeding the amount of such indebtedness.     *     *     *"

Section 2 of the act among other things provides:

*     *     *"Such bonds may be issued in any denomination from $100 to $1.000     *     *     *"

And section 6 provides: "The bonds issued under the provisions of this act shall be payable at not more than thirty years from the date thereof, and shall be payable either, first, in series running from ten to twenty years, or second, in series running from twenty to thirty years. In the case of the series running from ten to twenty years the amount of the entire issue shall be divided into ten equal payments. *     *     * In the case of the series running from twenty to thirty years, the entire amount of the issue shall be divided into ten equal annual payments.     *     *     *"

The bonds in question were issued in a series running from ten to twenty years, and as heretofore stated were issued in denominations of $80.00 each. The auditor's refusal to

register the bonds is based entirely upon the ground that they are issued in sums of less than $100.00, and therefore are not issued in compliance with the act under which they purport to be issued.

This brings us to consider the question as to whether or not the provisions of sections 2 and 6 above quoted are mandatory in the provison therein contained as to the denomination in which the bonds *must* be issued. If mandatory, it is manifest that a school district having an indebtedness of less than one thousand dollars could not avail itself of the provisions of the act at all, because a sum less than $1,000 could not be divided into ten equal payments of $100 each, and if the indebtedness of a school district was greater than $10,000 such school district could not avail itself of the provisions of the act in any one series of bonds, because a greater indebtedness than $10,000 could not be divided into ten equal payments of $1,000 each.

The court finds it exceedingly difficult to determine the legislative intent or purpose in the passage of these conflicting provisions of the statute in so far as the same relates to school districts; but this may be observed with reference thereto, that the statute under consideration is general, and authorizes the issuance of bonds of the Territory, counties, cities and school districts; and the limitations contained in sections 2 and 6 are applicable alike to each, without an attempt to draw a distinction between the several municipalities mentioned, placing school districts upon the same footing in this respect with the Territory, counties and cities. And these requirements are a matter of legislative will which the courts are not at liberty to vary or change, al-

though it may appear to the court that the provisions of the statute are not wise, and in cases such as the one under consideration a hardship and unnecessary expense is imposed upon the school district, for it would seem there could be no good reason why a county school district with an indebtedness of $800.00, as in this case, should not be permitted to fund its debt with as little expense as though it were indebted in the sum of $1,000.00. But such is the provision of the statute, and the legislature seemingly recognizing that such limitation might work a hardship upon school districts by preventing an issue of bonds to fund debts at the time of the passage of the act under consideration, passed as a part of that enactment article 2 of the same chapter, which is applicable to school districts only, and therein provides a method by which the indebtedness of the school district may be funded in cases where the amount of such indebtedness does not enable the district to fund its indebtedness under the law now under consideration.

Counsel for the complainant calls attention to the fact that the provisions of section 2 herein referred to, defining the denomination in which bonds may be issued, are not mandatory in terms. It reads "Such bonds *may* be issued in any denomination from $100 to $1,000."

While it is true this language is permissive only, it is absolutely meaningless if treated simply as a permissive provision, because if so treated nothing whatever is added to the statute, and the statute as a whole would mean the same thing if such provision was entirely eliminated. We cannot hold that the legislature had no intent or purpose in the enactment of this provision. On the contrary, from an ex-

amination of the entire enactment, it will be seen that under the provision of article 2 of the chapter, the legislature has provided in section 3 that bonds shall be issued in denominations of not less than $100.

We think it must be held therefore that the legislative intent and purpose in the enactment of the provision under consideration was to deny its consent to the issuance of a municipal bond in any sum less than $100.00. Proceeding then to a consideration of the provisions of sec. 6 of the act, it will be seen that bonds so issued must be issued in series of ten, running from ten to twenty years, or from twenty to thirty years, and here the language is mandatory that they *shall* be payable in series running from ten to twenty or from twenty to thirty years. This mandatory provision of the statute was recognized by the plaintiff in the bond issue under consideration, and its indebtedness of $800 is divided into a ten year series of $80.00 each, which was not in accordance with the law under consideration, considered as a whole. It follows, therefore, that the demurrer of the plaintiff must be and the same is hereby overruled, and the action dismissed at the plaintiff's costs.

All the Justices concurring.